**CV 10 - 3982**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

AUG 31 2010 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

DOUGLAS L. SINGLETON,

        Plaintiff,

v.

NEW CENTURY FINANCIAL SERVICES, INC., and
PRESSLER & PRESSLER, LLP,

        Defendants.

_____

**COMPLAINT**

TRACER

**JURY DEMANDED HEREON**

1.    This is an action for damages and declaratory judgment brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter, "FDCPA") and New York General Business Law § 349 (hereinafter, "NYGBL § 349"), and for violations of New York's usury laws (NY General Obligations Law §5-501, *et seq.*).

2.    Plaintiff brings suit based on the unfair, abusive and deceptive practices employed by Defendants, a debt buyer and a debt collection law firm, in their attempts to collect more than they are entitled to on a state court default judgment in a consumer collection action in which Plaintiff herein was the judgment debtor.

**JURISDICTION AND VENUE**

3.    The Court's jurisdiction is conferred by 15 U.S.C. §1692k and 28 USC §1337.

4.    Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

5.    Declaratory relief is available pursuant to 28 U.S.C. §§2201 and 2202.

6.    Venue in this District is proper in that Plaintiff lives in the District, the

Defendants transact business here, and much of the the conduct complained of occurred here.

## PARTIES

7.     Plaintiff Douglas L. Singleton (hereinafter, "Mr. Singleton") is a natural person who resides in Brooklyn, New York.

8.     Mr. Singleton is a consumer under the FDCPA, §1692a(3).

9.     Defendant New Century Financial Services, Inc. (hereinafter, "New Century") is a foreign corporation registered to do business in New York, with its principal place of business located in New Jersey.

10.    New Century's principal purpose is the collection of debts, and New Century regularly attempts to collect debts it has purchased, post-default from original creditors or other debt buyers.

11.    New Century is a debt collector under the FDCPA, §1692a(6), and its conduct was, at all relevant times, "consumer oriented" as defined under NYGBL §349.

12.    Pressler & Pressler, LLP (hereinafter "Pressler") is a foreign limited liability partnership registered in New York and engaged in the business of collecting debts in this state, with its principal place of business located at 16 Wing Drive, Cedar Knolls, New Jersey, 07927.

13.    Pressler's principal purpose is the collection of debts and Pressler regularly attempts to collect debts alleged to be due another.

14.    Pressler is a debt collector under the FDCPA, §1692a(6), and its conduct was, at all relevant times, "consumer oriented" as defined under NYGBL §349.

15.    New Century and Pressler are not classified as "national banking associations,"

2

under New York State banking law, and as such, are not covered by 12 U.S.C. §85, which provides an exception for national banks to state usury laws.

## FACTS

16.    On September 11, 2007, Defendants obtained a default judgment against Mr. Singleton for $3613.09  in New Century Financial Services, Inc. v. Douglas L. Singleton, Index No. 78090/07 ("the State Action"), in which Pressler was New Century's counsel of record.

17.    In accordance with CPLR §5004, judgment creditors are permitted to charge annual interest at the rate of 9%.

18.    On July 8, 2008, Defendants filed an information subpoena and restraining notice on Mr. Singleton's account at Bank of America, and he incurred a $100.00 "fee" for this bank levy. Subsequently, Mr. Singleton contacted Pressler and agreed to a "payment schedule" (hereinafter "Agreement") in which he would pay Pressler $150.00 per month on a balance of $3,325.55. The payments were to begin on July 21, 2008 and continue monthly until the debt was paid in full

19.    In a letter dated July 18, 2008, Pressler stated, "confirming telephone conversation of 7/1/7/08. This office will expect $150.00 by 7/21/08 and $150.00 on the 21st of every month."

20.    In accordance with the Agreement, Mr. Singleton made monthly payments to Pressler and paid $3,150.00 between July 21, 2008 and April 12, 2010.

21.    During this time period, Pressler mailed letters to Mr. Singleton every month. Said letters set forth the alleged "previous balance," "additional interest" and the "new

3

balance" on Mr. Singleton's purported debt.

22.    However, Pressler's monthly letters did not accurately state the current balances and additional interest owed by Mr. Singleton.

23.    Rather, in every communication sent to Mr. Singleton, including, *inter alia*, every monthly statement sent from September 1, 2009 onward, the balance was significantly overstated by hundreds of dollars, failing to reflect Defendants' agreement to settle the account for $3325.55 plus interest going forward from July, 2008.

24.    Because the balance was overstated, the interest accrued stated in these notices was also overstated.

25.    In addition, Defendants' communications contained other overstatements of balance and interest accrued that were not connected in any discernable way to the overstatements previously referenced.

26.    For example, in a letter dated November 12, 2009, Defendants stated that Mr. Singleton's "previous balance" was $1,639.27 (i.e. after his October payment), that the "additional interest" charged was "$338.76"and his "new balance" was "$1,828.03." The monthly additional interest on a balance of approximately $1,639.27 at an annual rate of 9% is $12.29. $338.76 of monthly interest on the amount of $1,639.27 constitutes an annual interest rate of almost 270% .

27.    Whether as a result of the November 12th overcharge regarding monthly interest or for other reasons, subsequent statements consistently overstated Mr. Singleton's previous and current balance by $150 or more even assuming that the "previous balance" stated in the November 12, 2009 letter was correct.  These overstatements were made, *inter alia*, in letters

4

to Mr. Singleton dated February 3, 2010, March 3, 2010, April 12, 2010, May 26, 2010, and June 7, 2010.

28.    The figures provided in these letters regarding interest accrued was also misstated even where the interest was calculated at 9% of the stated balance, as the balances in each letter were incorrect.

29.    Mr. Singleton, still acting pro se, contacted Pressler in May, 2010, rightfully concerned that his "balance" was overstated and that his payments were not being properly credited and/or that excessive interest was being charged. Defendant insisted that it was accurately charging Mr. Singleton. Unable to adequately confirm the correctness of his balance, and suspecting that it was materially overstated, Mr. Singleton stopped making payments to Defendants.

30.    Defendants caused Mr. Singleton to be served with a Notice of Garnishment dated June 11, 2010 stating a Judgment amount of $500.16, an amount that is substantially less than any previous stated balance in Defendants numerous communications with Mr. Singleton, but still overstated in light of Defendants' settlement agreement with Plaintiff. Defendants subsequently served a Notice of Garnishment in this amount on Mr. Singleton's employer.

31.    On June 18, 2010, Plaintiff, by and through the undersigned counsel, again inquired regarding the balance stated on the various notices sent by Pressler to Mr. Singleton, and, attorney Craig Stiller, Esq. again insisted that no errors had been made. The undersigned requested an account history/running balance, and confirmed this request in writing by letter dated that same day.

32.   Defendants, by and through Mr. Stiller, provided the dates and amounts of Mr. Singleton's payments but did not provide an account history or running balance.  Mr. Stiller's letter, dated June 25, 2010, stated, "Mr. Singleton entered into an agreement with this office on July 17, 2008 in which he agreed to pay the balance of $3,325.55 plus interest, at the rate of $150.00 per month beginning on July 21, 2008."

33.   On information and belief, Defendants declined to provide a full account history and running balance because they knew that doing so would confirm Plaintiff's contention that balances and interest were repeatedly materially misstated in the various notices sent to Mr. Singleton.

34.   At all times and with regard to each of the factual and legal allegations made in this Complaint, upon information and belief, Defendants acted willfully, knowingly and in bad faith.

35.   The monies which New Century and Pressler sought to collect from Mr. Singleton are a "debt" under the FDCPA, §1692a(5).

36.   As a result of Defendants' actions, Mr. Singleton has suffered pecuniary harm in the form of monetary payments to Defendants that were not owed, unpaid time off from work to deal with the issues referenced herein, and non-pecuniary harm in the form of:

a.   stress;
b.   aggravation;
c.   loss of sleep;
d.   loss of appetite;
e.   crying;
f.   anxiety;
g.   nervousness;
h.   emotional distress;
i.   fear;
j.   worry and loss of happiness;

6

k.  loss of concentration;
l.  irritability;
m.  embarrassment;
n.  humiliation;
o.  intimidation,
p.  loss of the tranquility;
q.  indignation; and
r.  pain and suffering.

## FIRST CAUSE OF ACTION
### The Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA")

37.  Mr. Singleton repeats and re-alleges and incorporates by reference the foregoing paragraphs.

38.  Defendants' actions and omissions as set forth above constitute violations of the FDCPA. These violations include, without limitation:

a.  Sending Mr. Singleton letters with inaccurate and overstated "previous balances," "current balances" and "additional interest" amounts. Specifically, whereas Pressler's counsel has admitted that Mr. Singleton entered into an agreement with Defendants that he would make payments on a balance of $3325.55 plus interest, by making monthly payments in the amount of $150.00, Defendants, on numerous occasions, stated a balance that was not accurate and significantly too high, including in every letter sent to Mr. Singleton from September 1, 2009, forward;

b.  Additionally, sending Mr. Singleton letters with inaccurate and overstated "previous balances," "current balances" and "additional interest" amounts, including, without limitation, the November 11, 2009 letter stating "$338.76" in interest had accrued, as well as letters dated February 3, 2010,

7

March 3, 2010, April 12, 2010, May 26, 2010, and June 7, 2010;

    c.   Sending Mr. Singleton a Notice of Garnishment, dated June 11, 2010, stating a "judgment" amount of $500.16, that is overstated, inaccurate and materially misleading;

    d.   Subsequently sending Mr. Singleton's employer a Notice of Garnishment, stating a "judgment" amount of $500.16, that is overstated, inaccurate and materially misleading;

39.   All of the above misrepresentations regarding previous and existing balances and interest accrued, were all in violation of §§1692, *et seq.,* including but not limited to

    i.   §1692e (prohibiting, generally, use of any "false, deceptive, or misleading and representation or means in connection with the collection of any debt");

    ii.   §1692e(2)(A)(prohibiting the "false representation of. . . the character, amount, or legal status of any debt");

    iii.  §1692e(10)(prohibiting "the use of any false representation or deceptive means to collect or attempt to collect any debt. ..");

    iv.  § 1692f (prohibiting, generally, use of any "unfair or unconscionable means to collect or attempt to collect any debt."); and

    v.   § 1692f(1)(prohibiting "collection of any amount . . .including any interest. . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law).

40.   In addition, by sending the Notice of Garnishment for $500.16 to Mr. Singleton, and by subsequently sending a Notice of Garnishment in that amount to Mr. Singleton's

employer, Defendants also violated §1692e(5)(prohibiting the "threat to take any action that cannot legally be taken or that is not intended to be taken", and by extension, prohibiting the taking of any action that cannot legally be taken).

41. In addition, by sending Mr. Singleton's employer the above referenced, materially inaccurate garnishment notice to Mr. Singleton's employer in August, 2010, Defendants also violated § 1692e(8)(prohibiting "communicating or threatening to communicate to any person credit information which is known or which should be known to be false. . .").

42. As a result of these violations, Mr. Singleton has suffered pecuniary and non-pecuniary harm, as set forth in ¶ 36 above.

## SECOND CAUSE OF ACTION
## NYGBL § 349

43. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

44. Each of the deceptive acts and practices set forth above, including but not limited to each deceptive act and practice set forth in the First Cause of Action was committed in the conduct of business, trade, commerce or the furnishing of a service in this state and constituted a violation of §349 independent of whether it also constituted a violation of any other law.

45. Each of these actions was consumer oriented and, upon information and belief, involves misleading conduct that is recurring and has a broad impact upon the public.

46. Specifically, and without limitation, Pressler handles a tremendous volume of

9

collection litigation, having filed 8,647 consumer collection cases in New York City in 2007 alone. Upon information and belief, Pressler handles hundreds, if not thousands, of pay-over-time arrangements in which the same form letters that included material misstatements regarding Plaintiff's balance, interest, etc. are sent to other New York consumers.

47.   Upon information and belief, the misstatements described above are not peculiar to Plaintiff's account but recur and are present in Pressler's notices to the numerous other consumers who have entered into monthly or weekly payment arrangements with Pressler.

48.   Pressler routinely and frequently represents New Century to such a degree, and is structurally and operationally so intertwined with New Century, that Courts have in the past questioned whether the two entities are in fact truly separate and distinct from one another.

49.   Upon information and belief, many of the accounts in which Pressler engages in the misconduct alleged herein are accounts in which Pressler purports to act on behalf of New Century. In the alternative, New Century causes notices regarding consumer's previous and existing balances, and interest, to be sent to consumer represented by Pressler, as well as by other firms representing it in post judgment collection matters.

50.   Upon information and belief, the overstatements of balance and interest described herein are part of a policy and practice that is designed and has the effect of increasing Defendants' profits.

51.   Each of Defendants' deceptive acts, by their nature, involves a material misrepresentation.

52.   As a result of these violations of NYGBL §349, Mr. Singleton has suffered damages, including, *inter alia*, those listed above at ¶ 33.

53.   Mr. Singleton is entitled to actual and/or statutory damages, punitive damages of up to $1,000, attorney's fees and costs.

### THIRD CAUSE OF ACTION
### Violation of New York Civil Usury Laws

54.   Mr. Singleton repeats and re-alleges and incorporates by reference the foregoing paragraphs.

55.   Pursuant to General Obligations Law § 5-501, the legal rate of interest in New York is "six per centum per annum unless a different rate is prescribed in §14-a of the Banking Law." Section 14-a (1) provides: "The maximum rate of interest provided for in section 5-501 of the general obligations law shall be sixteen per centum per annum."

56.   Significantly, pursuant to CPLR §5004, the interest rate applicable to the default judgment against Mr. Singleton is "the rate of nine per centum per annum."

57.   Defendants are not "national banking associations," and therefore are not exempt from state usury laws under 12 U.S.C. §85.

58.   The varying amounts of purported interest set forth in one or more letters by Pressler to Mr. Singleton, specifically the letter dated November 12, 2009, which stated that Mr. Singleton's "previous balance" was $1,639.27, that the "additional interest" charged since his last payment (which Defendants have confirmed in writing was made on October 14, 2009) was "$338.76" and his "new balance" was "$1,828.03."

59.   Monthly additional interest on a balance of approximately $1,639.27 at an annual rate of 9% is $12.29.

60.   Defendants' interest rate for this monthly statement was approximately 270%.

11

61.   Pursuant to NYGOL § 5-501, the alleged interest is therefore usurious, and the creditor forfeits both principal and interest due on the transaction.

62.   As a result of Defendants' violations, Mr. Singleton is entitled to a declaratory judgment that his obligation to New Century is void.

**WHEREFORE,** Mr. Singleton respectfully requests this Court to award:

a. On the FIRST CAUSE OF ACTION (FDCPA), declaratory judgment, actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692 k;

b. On the SECOND CAUSE OF ACTION (NYGBL §349), statutory and/or actual damages, punitive damages of up to $1,000, costs and reasonable attorneys fees pursuant to NYGBL § 349(h);

c. On the THIRD CAUSE OF ACTION (Violation of New York's Usury Statutes); declaratory judgment that the usurious contract is void and the agreement unenforceable; and

d. Award such other and further relief as law or equity may provide.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

Respectfully Submitted,

Daniel A. Schlanger, Esq. (ds-9330)
Schlanger & Schlanger, LLP
1025 Westchester Ave., Suite 108
White Plains, NY 10604
Ph: 914-946-1981
Fax: 914-946-2930
email: daniel@schlangerlegal.com